**Carl DEYVER, Plaintiff–Appellant,**

v.

**Sue WILSON, Defendant–Appellee.**

No. 00–0142.

United States Court of Appeals,
Second Circuit.

Nov. 16, 2001.

Carl Deyver, Alden, NY, pro se.

Denise A. Hartman, Assistant Solicitor General State of New York, Albany, NY, for appellee.

Present FEINBERG, McLAUGHLIN, and PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant, Carl Deyver ("Deyver"), appearing *pro se*, appeals the dismissal, entered March 27, 2000, of his claims under 42 U.S.C. § 1983 brought in the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*) against Defendant-appellee, Sue Wilson ("Wilson"). Deyver's complaint alleged that Wilson, Inmate Records Coordinator at Collins Correctional Facility where plaintiff was previously incarcerated, violated his rights to due process by not immediately releasing him from custody on his conditional release date.

Deyver alleged that on February 1, 1995 he was resentenced and that, as a result, his conditional release date was recalculated to be February 4, 1995. He alleged that he submitted a written request for conditional release as required by statute but that Wilson refused to release him. On March 10, 1995, Deyver was presented with and signed a memorandum containing his conditions of release. He was released from custody on March 20, 1995, after the New York State Department of Parole approved his proposed residence.

The district court dismissed Deyver's complaint under Federal Rule of Civil Procedure 12(b) on the ground that the complaint did not state a claim against Wilson upon which relief could be granted. The court found that under New York Executive Law § 259-g and 9 N.Y.C.R.R. § 8003.1(c) Wilson was required to detain Deyver until he had signed his conditions of release. Because it was not Wilson's responsibility to prepare Deyver's conditions of release, any delay in preparing them did not involve Wilson. Under New York Penal Law § 70.40(1)(b), it is the responsibility of the New York State Department of Parole to prepare such conditions. The court concluded therefore that Wilson had done nothing wrong.

The district court also concluded that Wilson was entitled to qualified immunity, because "even if the applicable statutes

**54**

and regulations could somehow be interpreted to have required defendant Wilson to release plaintiff on February 4, 1995, such an interpretation was not clearly established at the time." *Deyver v. Wilson*, 98–CV 184A, slip op. at 5 (W.D.N.Y. March 21, 2000).

■ Deyver claims that the district court converted Wilson's motion to dismiss into a motion for summary judgment without affording him notice of the conversion. He also challenges the substance of the court's decision.

Although in *pro se* cases a district court may not convert a motion to dismiss into a motion for summary judgment without providing unequivocal notice of such conversion, *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 767, (2d Cir.1983), Deyver was represented by counsel prior to the motion's conversion and his opposition papers to the motion, both submitted *pro se* and through counsel, establish that Deyver recognized that the district court was considering facts outside the pleadings. *See Villante v. Dep't of Corr. of the City of New York*, 786 F.2d 516, 521 (2d Cir .1986).

We therefore affirm for substantially the same reasons described in the district court's order.

For the reasons set forth above, the judgment of the district court is AFFIRMED.